UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH JUDY, individually and on behalf of others similarly situated as Plaintiff/ Class representative, ) ) ) ) Plaintiffs, ) ) v. ) ) PFIZER, INC., individually and as successor in interest to PARK-DAVIS and WARNER LAMBERT, INC., ) ) ) ) Defendants. ) | Case No. 4:05CV1208 RWS |

## **MEMORANDUM AND ORDER**

This case was removed from state court after Plaintiff Elizabeth Judy recently amended her state court petition. Defendant Pfizer asserts that the amendment of the petition is the commencement of a new action and subjects the case to removal under newly enacted federal law. Because Judy did not commence a new action by amending her state court petition I will remand this case back to the state court.

*Background*

Judy's state court case is a class action law suit regarding the marketing of the prescription medication Neurontin. This is the second time that Pfizer has removed this case from state court. I remanded the case after the first removal because neither federal question or diversity jurisdiction was present. Judy amended her state court petition on July 22, 2005. That amended pleading is identified by Pfizer as the basis for the present removal.

Since this case was first removed two events have occurred. First, a Judicial Panel on

Multidistrict Litigation was established on October 26, 2004, to handle the federal law suits regarding the marketing of Neurontin. The purpose of an MDL case is to enhance the efficiency and consistency of the pretrial phase of all of the pending cases which are consolidated into the MDL.

Second, a new federal law, the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), was enacted on February 18, 2005. Section 4 of the CAFA allows removal of class action suits in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Section 9 of the CAFA states that it applies to "any civil action commenced on or after the date of enactment of this Act."

Pfizer has removed this case for a second time on their theory that Judy's amendment of her state court petition in July effectively "commenced" a new case which was removable under the CAFA. Understandably Pfizer seeks removal of this case to gain the benefits of its consolidation with the MDL case. However, Judy has the right to keep the case in her selected forum of state court if removal under the CAFA is improper.

*Legal Standard*

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be

resolved in favor of remand. Id.

*Analysis*

As an initial matter, Pfizer asserts that the CAFA places the burden of proof in support of remand upon Judy. The settled case law regarding removal, however, places the burden of proof on the party invoking federal jurisdiction, Pfizer in this matter. Pfizer's argument turns this settled case law on its head. In support of shifting the burden of proof to Judy, Pfizer cites to four district court cases, three from California and one from Washington. These cases hold that, although the CAFA is silent about the burden of proof in cases removed under the Act, a Committee Report, S. Rep. No. 109-14, at 44 (2005), contemplates the shifting of the burden to the plaintiff seeking remand. See Berry v. American Express Pub., Corp., 2005 WL 1941151, *3 (C.D. Cal. June 15, 2005).

At the time of the enactment of the CAFA, Congress was presumed to be aware of the well settled case law regarding the burden of proof in removed actions. Contract Freighters, Inc. v. Secretary of U.S. Dept. of Transp., 260 F.3d 858, 861 (8th Cir. 2001)(Congress is presumed to know the legal background in which it is legislating). A court may resort to legislative history to interpret a statute when it contains an ambiguity. Absent some ambiguity in the statute, there is no occasion to look to legislative history. Neosho R-V School Dist. v. Clark, 315 F.3d 1022, 1032 (8th Cir. 2003). The omission of a burden of proof standard in the CAFA does not create an ambiguity inviting courts to scour its legislative history to decide the point. By failing to specifically address the burden of proof in the Act, especially in light of discussing the issue in a Committee Report, Congress is deemed to have not intended to change the settled case law on that issue. Had Congress wished to change which party bears the burden of proof in a removal

action under the CAFA it could have explicitly done so.

As a District Court Judge, I am compelled to follow the precedent of the Eighth Circuit Court of Appeals which places the burden on the party seeking removal. Moreover, the burden of proof issue in this case is not a decisive issue because my determination of whether Judy's amendment of her petition commenced a new case for purposes of removal under the CAFA can be resolved by simply viewing her original and amended state court petitions.

The CAFA authorizes the removal of specified class action law suits that are "commenced" on or after February 18, 2005. The present law suit was filed on June 9, 2004, in the Circuit Court of the City of St. Louis in the State of Missouri. An action is "commenced" for purposes of the CAFA when it is filed in state court. Knudsen v. Liberty Mut. Ins. Co., 411 F.3d 805, 806 (7th Cir. 2005)(Judge Easterbrook notes that equating filing of an action with "commencement" of an action is the norm in civil practice). It is clear from the record that this law suit was commenced before the enactment of the CAFA.

Pfizer argues that Judy's amended petition filed on July 22, 2005, is the commencement of a new case because it "added four new class claims for relief and that substantially changes the nature of this action." In Knudsen, Judge Easterbrook observed that "a new development in a pending suit no more commences a new suit than does its removal. Plaintiffs routinely amend their complaints, and proposed class definitions, without any suggestion that they have restarted the suit...." Id. However, "a new claim for relief (a new "cause of action" in state practice), the addition of a new defendant, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes." Id. at 807.

The question before me is whether Judy's amended petition encompassed a new claim for relief that would be deemed a commencement of new litigation. Judge Easterbrook recognized in Knudsen that the answer to such an inquiry may be "modeled on Fed. R. Civ. P. 15(c), which specifies when a claim relates back to the original complaint (and hence is treated as part of the original suit) and when it is sufficiently independent of the original contentions that it must be treated as fresh litigation." Id. Rule 15(c) states that an amendment of a pleading relates back to the original pleading when the claim "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ..."

I have reviewed Judy's original and amended state court petition to determine whether the amended pleading relates back to the original pleading under Rule 15(c). The initial paragraph of both pleadings declares that "[t]his action asserts claims for fraud, breach of warranty, and breach of the Missouri Merchandising Practices Act § 407.010 et seq., arising from Defendants systematic fraud in the promotion and sale of the drug Neurontin." Judy's amended pleading adds additional factual allegations which elaborate her original claims. They do not change the substance of those claims but merely provide further information.

Similarly, the class allegations are refined. This does not equate to a commencement of a new case under the CAFA because a change in class definition does not present a novel claim for relief or add a new party. See Knudsen, 411 F.3d at 807.

Judy's "claims for relief" in her original petition list claims under "common law" and for "statutory fraud" under R.S.Mo. §§ 407.010 *et seq.* Her amended petition specifically adds claims for negligence, negligence per se, breach of express warranty, and breach of implied warranty. The breach of warranty claims were contemplated in the original petition based on its opening

paragraph which lists that claim. The warranty claims and the negligence claims of the amended petition satisfy the relates back provision of Rule 15(c) because these claims clearly arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

I find that Judy's amendment of her state court petition did not commence a new action in state court. As a result, Pfizer's removal of this case under the CAFA was unwarranted and the case will be remanded to state court. Because the law of removal under the CAFA is in its developmental stages I do not find that Pfizer's removal of this action was in bad faith. Consequently, I decline to award costs and attorneys fees incurred by Judy as a result of this removal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pfizer's motion to stay this case pending transfer to the MDL [#4] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff Elizabeth Judy's motion to remand [# 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL

UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2004.